IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOSEPH BEASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07-CV-788-WKW [WO] |
| ) | |
| EVELYN GROSS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Joseph Beason ("Beason") brings this action against Defendants Evelyn Gross ("Gross"), Tonnie Mott ("Mott"), and "Fictitious Party C," alleging claims for negligence and negligent entrustment arising out of an automobile accident. This cause is before the court on Mott's and Gross's motions for summary judgment (Docs. # 50, 51) and Mott's supplemental motion for summary judgment (Doc. # 52). Beason opposes the motions. (Docs. # 56, 57.) After careful consideration of counsels' arguments, the relevant law, and the record as a whole, the court finds that the motions are due to be granted.

**I. JURISDICTION AND VENUE**

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue, and there are adequate allegations in support of each.

## II.  BACKGROUND

This case arises out of an automobile accident that occurred on December 30, 2006, in Russell County, Alabama.  (Am. Compl. ¶ 3.)  On that date, a 2002 Kia Spectra, owned by Gross, collided with a vehicle driven by Deputy Sheriff David Walters ("Walters").  (Am. Compl. ¶ 5.)  Beason, a passenger in the vehicle driven by Walters, was injured as a result of the collision.  (Am. Compl. ¶¶ 5, 21.)  The driver of the Kia Spectra fled the scene.  (Beason Dep. 49 (Doc. # 51, Ex. C).)

Although the parties dispute who was driving Gross's vehicle at the time of the accident, it is undisputed that at some time prior to the accident, Gross gave Mott permission to drive her vehicle to the store to buy alcohol.  (Mott Dep. 72 (Doc. # 51, Ex. A); Gross Dep. 99 (Doc. # 51, Ex. B).)  The parties contest the date on which Mott drove Gross's vehicle and what happened while the vehicle was in Mott's possession.

According to Mott, Gross gave him permission to drive her vehicle to the store on December 14 or 15, 2006, over two weeks before the accident.  (Mott Dep. 24-25.)  On the way to the store, Mott noticed a woman walking along Fontaine Road.  (Mott Dep. 73-74.)  He stopped, got out of the vehicle, and asked the woman if she needed a ride.  (Mott Dep. 75.)  After agreeing to give her a ride, and while the keys were in the ignition, Mott left the vehicle unattended to use the bathroom behind a bus stop.  (Mott Dep. 75, 79.)  While Mott was out of the vehicle, the woman jumped in and drove off.  (Mott Dep. 75-76, 79.)

Mott contends that he ran back to his friend Curtis Mosley's ("Mosley") house, told him what happened, and then took off on foot in an attempt to find the vehicle. (Mott Dep. 81-88.) At some point, Mott collapsed on the side of the road (Mott Dep. 95) and the paramedics and police were called. (Mott Dep. 95-100; Campbell Aff., Attach. 1 (Doc. # 52, Ex. E).) According to Sergeant Michael Campbell's ("Sergeant Campbell") incident report, the following occurred: "On December 14th, 2006 at about 1116 Hrs Tonnie Mott was treated for exhaustion from walking by Mt. Olive Fire Dept." (Campbell Aff., Attach. 1.) Campbell further stated in his affidavit that "Mr. Mott asked what needed to be done to report a stolen vehicle." (Campbell Aff. ¶ 4.) Mott contends that he notified Gross that her vehicle had been stolen and that instead of filing a police report, Gross told Mott to go find her vehicle. (Mott Dep. 103-04.)

Beason proposes a different set of facts. According to Beason, Gross lent Mott her vehicle on the afternoon of December 29, 2006, and Mott was in the vehicle (either as the driver or a passenger) at the time of the accident on December 30, 2006. In support of these contentions, Beason cites (1) Gross's testimony that Mosley told her that when Mott returned the morning after he borrowed Gross's vehicle, Mott told Mosley that he had been in a wreck (Gross Dep. 58-63); (2) Gross's testimony regarding her belief as to who was driving the vehicle at the time of the accident (Gross Dep. 83-85, 99, 102); and (3) the credibility of Mott's statements generally (*see* Pl.'s Resp. Br. 19 (Doc. # 57)).

3

Beason filed his Second Amended Complaint on May 20, 2008, alleging negligence against Mott and negligent entrustment against Gross. (Am. Compl.) Mott and Gross filed separate motions for summary judgment on September 3, 2009 and September 4, 2009, respectively. (Docs. # 50, 51.)

### III. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*); Fed. R. Civ. P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

4

If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish, with evidence beyond the pleadings, that a genuine issue material to each of its claims for relief exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ. P 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Celotex Corp.*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). Furthermore, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (*per curiam*) (internal quotation marks and citation omitted).

A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001). However, if the evidence on which the nonmoving party relies, "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted). "A mere 'scintilla' of evidence

5

supporting the [nonmovant's] position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party," *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990), and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (*per curiam*) (A plaintiff's "conclusory assertions . . . in the absence of supporting evidence, are insufficient to withstand summary judgment."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Thus, in cases where the evidence before the court is admissible on its face or can be reduced to admissible form and indicates there is no genuine issue of material fact, and where the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact).

6

## IV.  DISCUSSION

A.  **Negligence Against Mott**

Beason contends that on December 30, 2006, Mott "negligently and/or wantonly operated a motor vehicle owned by Evelyn Gross and caused the same to collide with the vehicle . . . in which the Plaintiff was a passenger." (Compl. ¶ 10.) In the alternative, Beason contends that Mott was negligent in allowing "Fictitious Party C with permission to use and operate the automobile while he was a passenger in the same at the time of the accident in question." (Compl. ¶ 15.)

In his motion for summary judgment, Mott argues that Beason has failed to produce any evidence that Mott was either driving Gross's vehicle or was a passenger in Gross's vehicle on December 30, 2006, when the accident occurred. (Mott's Summ. J. Br. 6.) In other words, Mott contends that Beason has not presented sufficient evidence to establish the causation element of his negligence claims. *See Albert v. Hsu*, 602 So. 2d 895, 897 (Ala. 1992) ("The elements required for recovery under a negligence theory are: (1) duty, (2) breach of duty, (3) *proximate cause*, and (4) injury." (emphasis added) (citing *John R. Cowley & Bros., Inc. v. Brown*, 569 So. 2d 375, 379 (Ala. 1990)). Because Mott has demonstrated a lack of evidence in this regard, the burden shifts to Beason to establish that a genuine issue of material fact exists as to the causation element. *See Clark*, 929 F.2d at 608; *Celotex Corp.*, 477 U.S. at 324. Beason has failed to meet his burden.

Beason goes to great lengths to point out the inconsistencies between Mott's and Gross's deposition testimony, thereby attempting to discredit Mott's version of the facts. According to Beason, Mott's "version of what happened is so incredible that no one could reasonably believe what he is saying is the truth." (Pl.'s Resp. Br. 21.) Beason is tasked, however, with providing evidence that Mott caused the accident at issue. Thus, even if the court were to find Mott's version of the facts to be impossible and disregard Mott's testimony in its entirety, Beason still has the burden of pointing to some evidence that Mott was either driving the vehicle or was a passenger in the vehicle on the date in question. He must do so by producing evidence that would allow a reasonable fact-finder to return a verdict in his favor, *Greenberg*, 498 F.3d at 1263; *Waddell*, 276 F.3d at 1279. The court will not consider clearly inadmissable evidence.

Beason attempts to meet his burden by pointing to (1) Gross's testimony that Mosley told her that when Mott returned that night, Mott told Mosley that he had been in a wreck and (2) Gross's testimony regarding her belief that Mott was driving the vehicle at the time of the accident. This evidence, however, is clearly inadmissible. Mosley's statement to Gross about what Mott told Mosley is inadmissable double hearsay. Rule 805 of the Federal Rules of Evidence states that "hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule." Thus, this evidence is admissible only if both out of court statements – *i.e.*, Mott's statement to Gross and Mosley's statement to Mott – are admissible in their own right. Although

Mott's statement to Mosley would be admissible standing alone as an admission of a party-opponent, *see* Fed. R. Evid. 801(d)(2) (admission by a party-opponent not hearsay), Mott's statements are nonetheless inadmissable because they come through Mosley's statements to Gross, which, when offered for the truth of the matter asserted, *are* inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802 (defining hearsay as an out of court statement offered for the truth of the matter asserted). In other words, Mosley's out of court statement to Gross is offered for the truth of the matter asserted, *i.e.*, that Mott did in fact tell Mosley that Mott was involved in the accident. Therefore, the court will not consider Gross's testimony about the content of what Mosley told her. Likewise, Gross's testimony concerning her belief about what happened during the accident is inadmissable, as such testimony is irrelevant and not based on personal knowledge. Fed. R. Evid. 401, 402.

Thus, although Beason attacks Mott's credibility and demonstrates various inconsistencies and contradictions in his testimony, he fails to produce admissible evidence that Mott was present at the scene of the accident.[1] Beason has therefore failed to present evidence creating a genuine issue of material fact as to the causation element of his negligence claims against Mott, and Mott's motion for summary judgment is due to be granted on this basis.

---

[1] In fact, Sergeant Campbell's affidavit and accompanying incident report corroborate Mott's story – that the vehicle was stolen in mid-December and that Mott collapsed of exhaustion after running around searching for the vehicle after it was stolen. (Campbell Aff., Attach. 1.)

B.   **Negligent Entrustment Against Gross**

Beason next contends that Gross, in allowing Mott to driver her vehicle, is liable for negligent entrustment. However, because there is no genuine issue of material fact as to whether Mott was in Gross's vehicle at the time of the accident on December 30, 2006, the negligent entrustment claim against Gross falters.

Liability for negligent entrustment "will be imposed only when negligence is the proximate cause of injury; injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Vines v. Plantation Motor Lodge*, 336 So. 2d 1338, 1339 (Ala. 1976). Thus, to the extent Beason argues that Gross should be liable *even if* the car was stolen and not in Mott's possession at the time of the accident, Beason's claim likewise fails. Even if Mott was an incompetent driver and Gross had knowledge of the same when she allowed him to drive her vehicle, it was not reasonably foreseeable that (1) Mott would leave the vehicle with the keys in the ignition and (2) a stranger would then steal the vehicle and collide with the Sheriff's inmate-transportation vehicle. *See id.* at 1340 (stating that "the consequences of the theft were too remote to be reasonably foreseeable"); *see also Penland v. Allsup*, 527 So. 2d 715, 716 (Ala. 1988). Beason has therefore failed to present a genuine issue of material fact that Gross's alleged entrustment of her vehicle to Mott was the proximate cause of the injuries at issue, and Gross's motion for summary judgment is due to be granted on this basis

## V.  CONCLUSION

Accordingly, it is ORDERED as follows:

(1)     Gross's motion for summary judgment on Beason's negligent entrustment claim is GRANTED; and

(2)     Mott's motion for summary judgment on Beason's negligence claims is GRANTED.

An appropriate Judgment will be entered separately.

DONE this 1st day of February, 2010.

                                            /s/  W. Keith Watkins  
                                        UNITED STATES DISTRICT JUDGE